# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN CARLISLE** | * | **CRIMINAL NO. 07-0783** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is  a petition for a writ of *habeas corpus* filed  by *pro se* petitioner, John Carlisle,  pursuant to 28 U.S.C. § 2241 on May 3, 2007.  Carlisle is currently incarcerated at the Federal Correction Center in Oakdale, Louisiana.  Petitioner was convicted on federal drug charges in the United States District Court for the Northern District of Alabama on January 12, 2006.  *See United States v. Storey, et al.*, 5:05-cr-00209 (N.D.Ala).  Petitioner contends that during his criminal prosecution he received ineffective assistance of counsel because counsel failed to "challenge the governments [sic] lack of federal legislative, territorial or admiralty jurisdiction" over the defendant. More specifically, petitioner contends that the federal government lacks authority to enact criminal laws which are not related to an enumerated Constitutional power, such as the federal drug laws under which petitioner was convicted, and that federal courts therefore have no subject matter jurisdiction to enforce such laws. Thus, petitioner asserts that his

present incarceration is unlawful because the federal court which entered his conviction lacked subject matter jurisdiction over the criminal acts charged against him. Accordingly, by this action, petitioner seeks a "common law writ of habeas corpus" pursuant to 28 U.S.C. § 2241 so that he may be released from custody.

Records from the United States District Court from the Northern District of Alabama reveal that on September 7, 2005, petitioner pled guilty to Counts One, Two and Three of a multiple count federal indictment alleging a conspiracy to distribute and manufacture methamphetamine and possession of pseudoephedrine in violation of 21 U.S.C. § 846, and § 841(a)(1), (b)(1)(A), (b)(1)(B) and (c)(2).  Petitioner was sentenced to 235 months imprisonment on January 12, 2006.  Thereafter, he was to be placed on supervised release for 5 years. Petitioner's  judgment of conviction was signed by District Judge C. Lynwood Smith, Jr. on January 17, 2005 and the Judgment was entered on the court's docket on January 24, 2005.   [*See* attached Court Exhibit 1, docket sheet].

Petitioner did not directly appeal his conviction or sentence to the United States Eleventh Circuit Court of Appeal, nor has he filed any § 2255 motions in the Alabama district court.

## LAW AND ANALYSIS

Initially, it is noted that petitioner is challenging a conviction and sentence that was not imposed by this court.  Petitioner expressly files this action as a *habeas corpus* petition under 28 U.S.C. § 2241.  However,  Petitioner admits that he has never filed a

motion under 28 U.S.C. § 2255 in the appropriate District Court.  Accordingly it appears

that Petitioner has filed this petition under § 2241  to circumvent the consequences of 28

U.S.C. § 2255 which precludes petitioner from filing a  motion to vacate over one year

from the latest of (1)  the date on which the judgment became final, (2) the date any

impediment to making such a motion created by governmental action was removed, (3)

the date the right asserted was initially recognized by the Supreme Court and made

retroactively applicable to cases on collateral review, or (4) the date on which the facts

supporting the claim presented could have been discovered through the exercise of due

diligence.

Section 2255 "provides the primary means of collateral attack on a federal

sentence."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) *quoting Cox v. Warden,*

*Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).  Section 2241 is available only

"where the petitioner establishes that the remedy provided for under § 2255 is 'inadequate

or ineffective to test the legality of his detention.' "  *Henderson v. Haro*, 282 F.3d 862,

863 (5th Cir. 2002) *citing Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th

Cir.1990) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)); *Tolliver v. Dobre,*

211 F.3d 876, 877 (5th Cir. 2000).[1]  The burden of demonstrating the ineffectiveness of a

---

[1]The savings clause provides that :

An application for a writ of habeas corpus in behalf of a prisoner who is
authorized to apply for relief by motion pursuant to this section, shall not be
entertained if it appears that the applicant has failed to apply for relief, by
motion, to the court which sentenced him, or that such court has denied him
relief, unless it also appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.  28 U.S.C. § 2255.

§ 2255 petition rests squarely on the shoulders of the petitioner. *Henderson*, 282 F.3d at 863 citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam).

Two factors must be satisfied before a petitioner may file a § 2241 petition in connection with the § 2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id. citing Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* Carlisle's petition does not satisfy this test.

Moreover, the inability to meet the AEDPA requirements for bringing a § 2255 motion does not render the remedy provided under § 2255 inadequate or ineffective. *Henderson,* 282 F.3d at 863 *citing Jefers,* 253 F.3d at 829; *Pack*, 218 F.3d at 452; *Tolliver,* 211 F.3d at 878; *Randle v. Dobre*, 45 Fed.Appx. 321 (5th Cir. 2002). Section 2241 is not a mere substitute for § 2255. *Reyes-Requena*, 243 F.3d at 901.

Finally, because it appears that petitioner has never filed a motion under § 2255 in the appropriate District Court, the undersigned is reluctant to rule on the merits of a conviction and sentence not imposed by this court which has never been challenged in the court which entered the judgment. Additionally, the law regarding application of the one-year time limitation is evolving and it is not clear that under the jurisprudence that petitioner's claim would be barred.[2]  Accordingly, the undersigned will not speculate as to

---

[2]Indeed, § 2255 expressly lists a federal court's lack of jurisdiction as a ground justifying  relief.

the result which the Alabama district court would reach should petitioner file a § 2255 motion in that court.[3]

For the above reasons, the undersigned cannot find that petitioner has demonstrated the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his incarceration or that this court may properly entertain the present application under §2241.   Accordingly;

**IT IS RECOMMENDED** that this petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DENIED AND DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  a party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon**

---

[3]This court has not "recharacterized" the instant § 2241 petition as one filed under § 2255; accordingly, the warnings required prior to such a construction are not applicable in this case. *See Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003).

grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79
F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, July 31, 2007.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE